# PATRICIA WEISS, ESQ.
*Attorney at Law*
78 Main Street – Suite 14
Post Office Box 751
Sag Harbor, NY 11963-0019
Telephone (631) 725-4486
Facsimile (631) 725-0295
<u>PWESQSAG@AOL.COM</u>

July 8, 2019

U.S.D.J. Frederic Block
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**RE: <u>DONALD A. VANDERVEER v. ZONING BOARD OF APPEALS TOWN OF EAST HAMPTON,  ZBA Chairperson JOHN P. WHELAN, ZBA Vice Chairperson SAMUEL KRAMER, Members of The Town of East Hampton Zoning Board of Appeals ROY DALENE, THERESA BERGER and TIM BRENNEMAN, Town of East Hampton Principal Building Inspector ANN M. GLENNON, Assistant East Hampton Town Attorney ELIZABETH L. BALDWIN, ESQ., and TOWN OF EAST HAMPTON   -- EDNY #19-CV-3833 (FB) (CLP)</u>**

Dear Judge Block:

On behalf of Plaintiff Donald A. Vanderveer, I write this pre-motion letter pursuant to Fed.R.Civ.P. 65 and Your Honor's Rules. The 42 U.S.C. §1983 complaint (Dkt #1) was filed and served on all Defendants (Dkts #4-12). It was amended today "as of course", Fed.R.Civ.P., 15(a)(1)(A). (Dkt. #13: "First Amended Verified Complaint" ["FAVC"]).

Plaintiff's FAVC challenges the TOWN's and the ZBA's custom and practice of not allowing cross-examination of witnesses at ZBA hearings which decision making can result in a divestiture of a vested pre-existing (before 1957) non-conforming commercial right of use and thus render such continued commercial usage to be a crime under local law because of the property's usage other than as a single-family residential. It alleges the TOWN's and ZBA's "deliberate indifference" to the federal constitutional rights of those appearing before its boards, demonstrated by their failure to educate and train members about the 14th Amendment, Due Process, and Equal Protection, and procedures required under *Mathews v. Eldridge*, 424 U.S. 319 (1976) whenever live testimonial evidence is given.  Limited opportunities to refute adverse witnesses' testimony by only competing narratives is constitutionally deficient under *Mathews*. New York's Article 78 review is also constitutionally inadequate, as it too rigidly compels deference to the ZBA agency.

1

*U.S.D.J. Frederic Block – July 8, 2019 – Page 2*

Plaintiff has been damaged, financially and emotionally, by Defendants' unconstitutional "land grab", violating the 14th Amendment. See *Walz v. Smithtown*, 46 F.3d 162 (2d Cir. 1995). The FAVC includes a 5th Amendment "Takings Claim" which is not premature. See ¶¶ 4 & 21, *Knick v. Township of Scott* (SCOTUS #17-647 (6-21-19). There is no *Rooker-Feldman* impediment because there has been no "judgment" entered in the Article 78 yet. See *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280 (2005). In any event, when a federal claim "attacks an alleged defect of state administration or legislation rather than adjudication… it is not a challenge to a judicial proceeding" under *Rooker-Feldman.* See *Hachamovitch v. DeBuono,* 159 F.3d 687 (2d Cir. 1985).

Plaintiff wishes to move for a preliminary injunction and a temporary restraining order (TRO) to restrain, during the pendency of this case, criminal & civil enforcement of local codes, concerning the disputed issue of a pre-existing nonconforming commercial use of SCTM # 300-37-3-22. The Town's property tax bills [FAVC, Ex. 1] show the property classification as "440" for "storage, warehouse," [and distribution]. Perhaps Defendants' Town Attorney will agree to that relief without the need for more formal motion practice.

The controlling case law is *Winter v. Natural Resources Defense Council*, 555 U.S. 7 (2008) (military preparedness outweighs environmental concerns for whales in vicinity of sonar). [*Winter* replaced this Circuit's "serious questions" analysis]. Under *Winter*, we examine whether an <u>irreparable</u> injury is "likely" in the absence of an injunction, the <u>likelihood of success</u> on the merits at trial, whether the proposed injunction is not plainly outweighed by the government's interest (i.e., <u>balancing</u>), and whether it's in the <u>public interest</u>. Plaintiff's motion satisfies that 4-part test. Subjecting Plaintiff to new criminal prosecutions will cause irreparable injury even if he is released "R.O.R." because of imposed restraints on liberty. See <u>Murphy v. Lynn</u>, 118 F.3d 938 (2d Cir. 1997) ("right to travel", etc.) and <u>McDonough v. Smith</u>, SCOTUS #18-485 (4-17-19) at fn. 4  (same).

The injunction is in the public interest because it prevents Plaintiff from making claims for federal malicious prosecution if he successfully defends future prosecutions. The Town pays the insurance policy "deductible" from public funds. The Town Attorney can contact me *pendente lite* if anything other than the s*tatus quo* usage occurs and we can request the Court's assistance if it's something we cannot resolve between ourselves. The public interest is not harmed by the proposed injunctive relief.  The FAVC refers at ¶26 to 7 local code misdemeanor violations now on appeal at Appellate Term, Second Dept. After the AT2's summer recess, panels will sit in Central Islip (10-24-19) & Mineola (9-26-19). The Town should sensibly await the AT2 decision before starting up more prosecutions from which federal malicious prosecution claims can eventuate. Likelihood of success on the merits is in Plaintiff's favor. I incorporate the FAVC to keep this letter brief.  The EH ZBA didn't follow the State manual rules. [FAVC ¶ 62 & Ex.6].

*U.S.D.J. Frederic Block – July 8, 2019 – Page 3*

NY state manual rules impose a duty to provide cross-examination. Ignoring that is a *per se* Due Process violation. See *Vitarelli v. Seaton*, 359 U.S. 535 (1959) (agency is "bound by" its own regulations promulgated for handling cases). Because the adverse result in a civil ZBA matter renders Plaintiff's current conduct "criminal" under the local law if the state-created pre-existing nonconforming use is taken away without Due Process, *Bell v. Burson*, 402 U.S. 535 (1971), a "no cross-examination" policy violates 6th Amendment rights of the Confrontation Clause (and *Crawford v. Washington*, 541 U.S. 36 (2004)).

Defendants' conduct propelled Plaintiff into NY's Article 78 review procedures which are inadequate under a federal constitutional analysis. They are far too deferential to agency decisions. See *Matter of Haug v. SUNY Potsdam*, 149 A.D.3d 1200 (2017). (The "substantial evidence test is a relatively low or minimal evidentiary standard, requiring even less proof than the preponderance."). Under modern Due Process jurisprudence, all courts must have "power" to critically review agency decisions, even if they cannot generally substitute their own judgments for an agency's. (FAVC ¶156). See *Department of Commerce v. New York*, SCOTUS #18-966 (6-27-19)(5-4) [census] ("[W]e cannot ignore the disconnect between the decision made and the explanation given by the administration")  ("The reasoned explanation requirement of administrative law, after all, is meant to ensure that agencies offer genuine justification that can be scrutinized by courts and the interested public."). *Commerce* explains the judiciary's duty of "reviewing the evidence as a whole" and then remitting when the agency decision isn't "adequately explained" after a judicial review of "points, considered together reveal a significant mismatch between the decision and the rationale provided." *Haug* concedes that NY state procedures don't fully allow NY Justices to evaluate under the same safeguards that federal Due Process requires. *Haug* describes too narrow a standard for state judges, omitting mandatory review for "ambiguous" text, "bad faith", "pretext" and "improper procedures". Federal courts "are obliged to decide cases within the scope of federal jurisdiction." *Sprint Communications, Inc. v. Jacobs,* 571 U.S. _ (2013) ("abstention is not in order simply because a pending state court proceeding involves the same subject matter.")  Federal courts should ensure that principles of federalism prevent state judgments arising from inadequate state procedures that transgress the Due Process and Equal Protections Clauses of the 14th Amendment. See *Texaco v. Pennzoil*, 784 F.2d 1133 (2d Cir. 1986), *reversed on <u>other</u> grounds in* <u>Pennzoil v. Texaco</u>,  481 U.S.1 (1987): *[1]Texaco never raised federal constitutional issues in the Texas state court, [2] Texas had a vital interest in enforcement of judgments from Texas courts which presumptively afforded all 6th Amendment rights to litigants, as no Texas statute or case law expressed a diminishment the state judiciary powers compelled by the 6th, [3] alleged procedural defects were (speculative) slow pace of state appellate review & 100% bond to "stay".*

Very truly yours,<br>Patricia Weiss, Esq. /s/

cc: East Hampton Town Attorney John Jilnicki (w/FAVC, FB Rules & Docket summary)