UNTED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------X        Docket No. 19-cv-3833 (FB)(CLP)
DONALD A. VANDERVEER,

                          Plaintiffs,


         -against-


ZONING BOARD OF APPEALS OF EAST
HAMPTON, JOHN P. WHELAN, SAMUEL
KRAMER,  ROY  DALENE,  THERESA
BERGER, TIM BRENNEMAN, ANN M.
GLENNON, ELIZABETH BALDWIN, and
TOWN OF EAST HAMPTON,

                          Defendants.

--------------------------------------------------X


---

# MEMORANDUM OF LAW
# IN SUPPORT OF DEFENDANTS'
# MOTION TO DISMISS

---

                              DEVITT SPELLMAN BARRETT, LLP
                              50 Route 111, Suite 314
                              Smithtown, NY 11787
                              (631) 724-8833


Scott J. Kreppein, Esq.
Counsel

TABLE OF CONTENTS

SUMMARY OF THE ARGUMENT ................................................................................ 1

FACTS ........................................................................................................................ 2

DISCUSSION .............................................................................................................. 6

Point I:     PLAINTIFFS' COMPLAINT FAILS TO STATE A CLAIM UPON
             WHICH RELIEF MAY BE GRANTED ............................................................. 6

a.    The 12(B)(6) Standard ............................................................................................ 6

b.    Plaintiff Has Failed to State a Fifth Amendment Takings Claim ................................ 6

c.    Plaintiff Has Failed to State a Due Process Claim ..................................................... 8

   i.    Any Substantive Due Process Claim is Subsumed By the Procedural
         Claim ................................................................................................................ 9

   ii.   Plaintiff Has Failed to Allege A Protected Property Interest, As A
         Landowner Does Not Have A Vested Property Interest In Zoning
         Classification or Property Usage Except In Limited Circumstances ..................... 9

   iii.  The Procedure Available In Connection With Plaintiff's Certificate
         Application, Most Notably The Availability of Article 78 Review, Satisfy
         Due Process ...................................................................................................... 12

   iv.   Plaintiff Fails to Plead an Equal Protection Claim Because He Fails to
         Allege Facts That Plausibly Show Similarly Situated Comparators ................... 15

   v.    There Was A Rational Basis for the Board's Determination ............................... 17

   vi.   Plaintiff's Third Cause of Action, For Failure to Train, is Not Legally
         Cognizable ....................................................................................................... 20

   vii.  Plaintiff's Fourth Cause of Action Fails Because There Is No Private
         Right of Action Under the New York State Constitution Where There is a
         Comparable Federal Claim ................................................................................ 21

   viii. Plaintiff's Fourth Cause of Action, To The Extent Alleging That The
         Town Code is Void For Vagueness, Fails ........................................................... 22

   ix.   The Zoning Board of Appeals is Not A Proper Defendant .................................. 24

   x.    There Are No Facts Pled Against the Individual Defendants and/or They
         Are Entitled to Qualified Immunity .................................................................. 25

Point II:    PLAINTIFF'S CLAIMS ARE UNTIMELY TO THE EXTENT
             RELATED TO THE CRIMINAL CHARGES AND PROCEEDING ............... 27

Point III:   PLAINTIFF'S CLAIMS ARE BARRED BY COLLATERAL
             ESTOPPEL ........................................................................................................ 27

Point IV:    ABSTENTION IS APPROPRIATE ................................................................. 28

CONCLUSION............................................................................................................... 30

TABLE OF AUTHORITIES

**<u>Cases</u>**

<u>550 Halstead Corp. v. Zoning Bd. of Appeals of Town/Vill. of Harrison</u>, 1 N.Y.3d 561 (2003) ................................................................................................... 11

<u>Altaire Builders, Inc. v. Village of Horseheads</u>, 551 F.Supp. 1066 (W.D.N.Y., 1982) ................................................................................................................... 25

<u>Alzamora v. Vill. of Chester</u>, No. 07-CV-2944, 2009 WL 578630 (2d Cir. Mar. 6, 2009) .................................................................................................................. 10

<u>Anderson v. Creighton</u>, 483 U.S. 635 (1987) ......................................................... 25

<u>Aprile v. LoGrande</u>, 89 A.D.2d 563 (2d Dept. 1982), aff'd, 59 N.Y.2d 886 (1983) .............. 12

<u>Armstrong v. United States</u>, 364 U.S. 40 (1960) ...................................................... 7

<u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009) ....................................................... 5, 15, 24

<u>Bd. of Regents of State Colleges v. Roth</u>, 408 U.S. 564 (1972) ............................... 9

<u>Brady v. Town of Colchester</u>, 863 F.2d 205 (2d Cir.1988) ........................... 13, 14

<u>Campo v. New York City Employees' Retirement System</u>, 843 F.2d 96 (2d Cir. 1988) ................................................................................................... 13, 14

<u>Cartagena v. City of New York</u>, 257 F. Supp. 2d 708 (S.D.N.Y., 2003) ............... 13

<u>Chabad Lubavitch of Litchfield County, Inc. v. Borough of Litchfield, Connecticut</u>, 213 F.Supp.3d 329 (D.Conn., 2016) ................................................ 25

<u>Chambers v. Time Warner, Inc.</u>, 282 F.3d 147 (2d Cir. 2002) ............................... 5

<u>Clavin v. Cty. of Orange</u>, 620 F. App'x 45 (2d Cir. 2015) ...................................... 11

<u>Clubside, Inc. v. Valentin</u>, 468 F.3d 144 (2d Cir.2006) ......................................... 15

<u>Colorado River Water Conservation Dist. v. United States</u>, 424 U.S. 800 (1976) ................ 28

<u>Constantine v. Teachers Coll.</u>, 448 F. App'x 92 (2d Cir. 2011) ............................ 27

<u>County of Sacramento v. Lewis</u>, 523 U.S. 833 (1998) ........................................... 16

<u>Cowan v. Kern</u>, 41 N.Y.2d 591 (1977) .................................................................... 16

Crowley v. Board of Zoning Appeals of Incorporated Village of Southampton, 872 F.Supp. 1171 (E.D.N.Y.,1995) ...................................................................24

Crowley v. Courville, 76 F.3d 47 (2d Cir. 1996)......................................................9

Cunney v. Bd. of Trustees of Village of Grand View, 660 F. 3d 612 (2d Cir. 2011) ....................................................................................................................21

Diamond "D" Const. Corp. v. McGowan, 282 F. 3d 191 (2d Cir. 2000).................28

Dish Realty, LLC v. Town of Huntington, 122 A.D.3d 665 (2014)........................24

Dittmer v. Cty. of Suffolk, 59 F. App'x 375 (2d Cir. 2003)....................................16

DLC Mgmt. Corp. v. Town of Hyde Park, 163 F.3d 124 (2d Cir. 1998) ...............10

Dudek v. Nassau Cty. Sheriff's Dep't, 991 F. Supp. 2d 402 (E.D.N.Y. 2013) ........24

Ellington Const. Corp. v. Zoning Bd. of Appeals of Inc. Vill. of New Hempstead, 77 N.Y.2d 114 (1990) ...........................................................................................10

Engquist v. Oregon Dept. of Agriculture, 553 US 591 (2008).........................14, 15

Evans v. Ottimo, 469 F.3d 278 (2d Cir. 2006) .................................................26, 27

Finley v. Giacobbe, 79 F.3d 1285 (2d Cir. 1996)...................................................13

G.D.S. v. Northport-East Northport Union Free Sch. Dist., 915 F. Supp. 2d 268 (E.D.N.Y., 2012).....................................................................................................20

Gagliardi v. Vill. of Pawling, 18 F.3d 188 (2d Cir. 1994) ..................................9, 10

Glacial Aggregates LLC v. Town of Yorkshire, 14 N.Y.3d 127 (2010) .................10

Graham v. Connor, 490 U.S. 386 (1989) .................................................................8

Halperin v. City of New Rochelle, 24 A.D.3d 768 (2d Dept. 2005) ..................4, 12

Harlow v. Fitzgerald, 457 U.S. 800 (1982) ...........................................................25

Harris v. Mills, 572 F.3d 66 (2d Cir. 2009) .............................................................5

Heller v. Doe by Doe, 509 U.S. 312 (1993) ...........................................................16

Kaur v. New York State Urban Dev. Corp., 15 N.Y.3d 235 (2010).......................11

Kia P. v. McIntyre, 235 F.3d 749 (2d Cir. 2000)......................................................8

Knick v. Township of Scott, Pennsylvania, 139 S. Ct. 2162 (2019) ......................28

Lucas v. South Carolina Coastal Council, 505 U.S. 1003 (1992) ........................................... 6

Matter of Toys "R" Us v. Silva, 89 N.Y.2d 411 (1996) ....................................................... 11

Milt-Nik Land Corp. v. City of Yonkers, 24 A.D.3d 446 (2d Dept. 2005)........................... 12

Monell v. Dept. of Soc. Serv., 436 U.S. 658 (1978)............................................................. 23

Morrissey v. Brewer, 408 U.S. 471 (1972) .......................................................................... 11

Murphy v. Lynn, 53 F.3d 547 (2d Cir. 1995)........................................................................ 26

Murr v. Wisconsin, 137 S.Ct. 1933 (2017) ............................................................................ 6

Natale v. Town of Ridgefield, 170 F.3d 258 (2d Cir. 1999) ................................................... 8

Natale v. Town of Ridgefield, 927 F.2d 101 (2d Cir.1991) .................................................. 25

Nicholson v. Inc. Vill. of Garden City, 112 A.D.3d 893 (2d Dept. 2013)............................ 21

Okin v. Vill. of Cornwall-On-Hudson Police Dep't, 577 F.3d 415 (2d Cir. 2009) ............... 19

Oliveira v. Mayer, 23 F.3d 642 (2d Cir.1994)...................................................................... 25

Orange Lake Assoc. v. Kirkpatrick, 825 F.Supp. 1169 (S.D.N.Y.1993) aff'd 21
F.3d 1214, 1221 (2d Cir.1994) ............................................................................................. 13

Palazzolo v. Rhode Island, 533 U.S. 606 (2001).............................................................. 6, 7

People v. Miller, 304 N.Y. 105 (1952)................................................................................. 10

Railroad Comm'n of Texas v. Pullman Co., 312 U.S. 496 (1941) ....................................... 28

Razzano v. Remsenburg-Speonk Union Free Sch. Dist., 751 F. App'x 24 (2d Cir.
2018) ..................................................................................................................................... 26

Retail Prop. Tr. v. Bd. of Zoning Appeals of Town of Hempstead, 98 N.Y.2d 190
(2002) .................................................................................................................................... 16

Rodrigues v. Village of Larchmont, 608 F.Supp. 467 (S.D.N.Y., 1985).............................. 25

Romer v. Evans, 517 U.S. 620 (1996) .................................................................................. 16

Ruston v. Town of Skaneateles, 610 F.3d 55 (2d Cir. 2010) ......................................... 14, 15

Sand Land Corp. v. Zoning Bd. of Appeals of Town of Southampton, 137 A.D.3d
1289 (2d Dept. 2016) ............................................................................................................ 17

Simms v. City of New York, 480 Fed.Appx. 627 (2d Cir. 2012)........................................... 24

Sira v. Morton, 380 F.3d 57 (2d Cir. 2004)............................................................5

Soundview Assocs. v. Town of Riverhead, 725 F. Supp. 2d 320 (E.D.N.Y. 2010)...............24

Sprint Commc'ns, Inc. v. Jacobs, 571 U.S. 69 (2013)..........................................28

Sullivan v. Town of Salem, 805 F.2d 81 (2d Cir.1986)........................................27

Town of Huntington v. Park Shore Country Day Camp of Dix Hills, Inc., 47
N.Y.2d 61 (1979)........................................................................................21

Town of Orangetown v. Magee, 88 N.Y.2d 41, 52 (1996)....................................10

Van Berkel v. Power, 16 N.Y.2d 37, 40 (1965)..................................................21

Velez v. Levy, 401 F.3d 75 (2d Cir. 2005)..........................................................8

Village of Willowbrook v. Olech, 528 U.S. 562 (2000)........................................14

Wilson v. City of New York, 800 F. Supp. 1098 (E.D.N.Y. 1992)........................24

Yale Auto Parts, Inc. v. Johnson, 758 F.2d 54 (2d Cir. 1985)................................9

Zahra v. Town of Southold, 48 F.3d 674 (2d Cir. 1995)........................................9

**Statutes**

5 U.S.C. § 706..............................................................................................13

East Hampton Town Code § 102-14................................................................27

East Hampton Town Code § 255-1-40..............................................................1

East Hampton Town Code § 255-1-14..............................................................21

East Hampton Town Code § 255-1-20..............................................................22

N.Y. C.P.L.R. § 7802....................................................................................24

N.Y. C.P.L.R. 7804......................................................................................13

N.Y. C.P.L.R. § 7803....................................................................................13

N.Y. Penal Law § 140.10..............................................................................19

N.Y. Town Law § 2......................................................................................23

N.Y. Town Law § 60....................................................................................23

N.Y. Town Law § 261..................................................................................12

N.Y. Town Law § 264 ............................................................................................. 12

N.Y. Town Law § 267 ..................................................................................... 12, 20

N.Y. Town Law § 267-A ......................................................................................... 12

N.Y. Town Law § 267-B ......................................................................................... 12

N.Y. Town Law § 267-C ......................................................................................... 13

N.Y. Town Law § 282 ............................................................................................. 13

**Rules**

Rule 12(b)(6) of the Federal Rules of Civil Procedure ............................................. 5

**Constitutional Provisions**

N.Y.S. Const. Art. IX §2 ........................................................................................ 12

N.Y.S. Const. Art. IX, §3 ....................................................................................... 23

N.Y.S. Const. Art. X, §4 ........................................................................................ 24

N.Y.S. Const. Art. X, §5 ........................................................................................ 24

U.S. Const., Amend. V ............................................................................................. 6

U.S. Const., Amend. XIV ......................................................................................... 7

Defendants ZONING BOARD OF APPEALS OF EAST HAMPTON, JOHN P. WHELAN, SAMUEL KRAMER, ROY DALENE, THERESA BERGER, TIM BRENNEMAN, ANN M. GLENNON, ELIZABETH BALDWIN, and TOWN OF EAST HAMPTON, by their undersigned counsel, respectfully submit the following memorandum of law:

## SUMMARY OF THE ARGUMENT

Plaintiff's complaint fails to state a cause of action or, alternatively, abstention is appropriate.  In or around 2012, Plaintiff rented his late mother's residentially-zoned property to a landscaping business.  Neighbors complained; he was charged with violations of the Town Code; and, after a three day jury trial, Plaintiff was convicted of multiple violations of the Town Code. Thereafter, Plaintiff applied for a certificate of occupancy acknowledging a non-conforming pre-existing use of the property for commercial outdoor storage, alleging that he and his family had stored various items at this location for decades.  However, Plaintiff's submissions were equivocal, at best; and multiple neighbors came forward and provided affidavits, as well as copies of the aerial and satellite images available through the Suffolk County GIS Viewer, clearly stating and showing that this property was a vacant field until Plaintiff leased it to a business a few years ago.  Plaintiff's application was denied, the Board of Zoning Appeals confirmed the denial after a *de novo* review, and an Article 78 Proceeding challenging the denial was dismissed.

Following the dismissal of his Article 78 Proceeding, Plaintiff commenced this action, alleging violations of due process and equal protection.  With respect to the Due Process Clause, Plaintiff argues, in sum, that due process requires that land use applications be considered in quasi-judicial proceedings, with a right of cross-examination, and that Article 78 of the Civil Practice Law and Rules is unconstitutional because the arbitrary and capricious standard is too deferential. Similar arguments, however, have repeatedly been rejected, and New York's procedural

framework of land use determinations being made by quasi-legislative/administrative local land use agencies, with judicial review available under Article 78 of the C.P.L.R., has repeatedly been upheld. With respect to equal protection, Plaintiff fails to identify any similarly situated comparators. Additionally, among other things, Plaintiff is barred by collateral estoppel from re-litigating issues that have already been decided in prior actions, and any claim related to the criminal charges is time barred.

## FACTS

As alleged in his Verified Complaint, annexed hereto as **Exhibit "A,"** Plaintiff is the "executor and sole legatee" of his mother's Estate, which is the owner of the property at issue, 580 Three Mile Harbor, East Hampton, New York 11937 (Section 37, Block 3, Lot 22)("Subject Property"). (Complaint, **Exhibit "A,"** ¶ 7). Plaintiff alleges that his family has owned the Subject Property since prior to the enactment of the Town's first zoning ordinance in 1957. (Complaint, Exhibit "A," ¶ 24).

Approximately five years ago, on or about September 3, 2014, a Town of East Hampton Code Enforcement Officer observed that Plaintiff's residentially-zoned property was being "used by a landscaping company" for "storage of commercial equipment, wood, scarp metal, tractors, trailers, truck bodies, bob cat," and other tools and material. (BZA File, **Exhibit "B,"** Page 230).

Plaintiff was charged with, among other things, an unauthorized change of use to a property in violation of East Hampton Town Code 102-14(c). Id. Plaintiff vigorously contested the charges, but was convicted after a jury trial. (Complaint, **Exhibit "A,"** ¶ 26). Motions to dismiss the charges based upon facial sufficiency or jurisdictional issues, and a motion to set aside the verdict, were denied. (BZA File, **Exhibit "B,"** Pg. 226).

Approximately two years after Plaintiff's conviction, Plaintiff, through new counsel, unsuccessfully filed an application pursuant to East Hampton Town Code § 255-1-40(e) for a Certificate of Occupancy acknowledging a pre-existing non-conforming use consisting of "outdoor storage and warehousing." (BZA File, **Exhibit "B,"** Pg. 191). As Plaintiff indicated in an affidavit submitted in support of the application, Plaintiff argued that since 1949 his family and "various third parties" have used the property for "non-residential storage and warehousing uses." (Id., Pg. 194). Since approximately 1965, Plaintiff – who also owns a local marina – alleges that he has used the property to store materials used in connection with his business. (Id., Pg. 6). Plaintiff acknowledged that, in 2012, he rented the property to a landscaping company. (Id., Pg. **

Upon receiving notice of the application, five different neighbors wrote to the Building Inspector emphatically explaining that Plaintiff's property had been a vacant field for decades until approximately 2013, when a tree pruning and landscaping business began operating twelve hours per day, seven days per week, creating a nuisance. (Id., Pg. 132 – 170). Two of Plaintiff's neighbors hired an attorney to oppose the application, who provided screenshots of the aerial and satellite images available from Suffolk County's GIS Viewer over the last seventy years confirming that this property had been a vacant field for decades prior to 2013. (Id., 139 - 165).

The Town's Principal Building Inspector reviewed the application and found "no evidence of a pre-existing outdoor storage use." (Id., Page 3).

Plaintiff then appealed the denial of his application to the Town's Zoning Board of Appeals. Following review of the evidence and a public hearing, the Board – with Chairman Whelan recusing himself, and the other four Board members voting unanimously -- declined to reverse the building inspector's denial of Plaintiff's application. (BZA File, **Exhibit "B,"** Pgs 3 -

7). The Board noted that the application was limited to outdoor storage, and "the use of the property for commercial indoor storage in the barn is not currently before the Board." (Id., P. 4). The Board also noted that Plaintiff had been convicted by a jury for an "impermissible change of use," but found that they were "not bound" by that determination and remained "free to decide the matter as it deems fit based upon the evidence before the Board." (Id., P. 5).

After considering Plaintiff's evidence, the Board found that "the documentation submitted by the [Plaintiff] fails to establish that a preexisting nonconforming outdoor storage" use existed continuously on the Premises from 1957 forward. (Id., P. 5). Specifically, although previously "intermittently used for the storage of personal property by the owner," the only evidence before the Board "of any documentation such as a lease or fee paid… for outdoor storage" was from when Plaintiff leased the barn and surrounding outside area to Mike's Landscaping for $1,000.00 per month in 2012. (Id., Pgs 5 and 55). Additionally, the Board explained that, "even if" there was a pre-existing use, rental to a landscaping company would be a change in use, and would fall under "service commercial use" in the Town Code. (East Hampton Town Code, 255-1-20(c)). Additionally, as a second alternative basis for their determination, the Board found that there was evidence of abandonment for at least thirty-six months, explaining that the Board found "particularly compelling" the absence of any indicia of outdoor storage in aerial images from 1962 through 1984, with trucks only beginning to appear on the property in 2013 "coincident with the landscaper's lease of the property." (Id, P. 7).

Plaintiff attempted to challenge the Board's determination through an Article 78 Proceeding in state court, which was denied. The state court found that Plaintiff's arguments regarding a right to cross-examine in connection with a land use application was "meritless" because "[c]ase law clearly establishes" that land "use agencies like zoning boards are quasi-

legislative quasi-adminstrative bodies," which may conduct "informational" hearings but are not "quasi-judicial proceeding[s] involving cross-examination of witnesses." (Vanderveer v. Zoning Board of Appeals of the Town of east Hampton, 6/13/2019 Order, **Exhibit "C,"** at 3:24 – 4:11) citing Halperin v. City of New Rochelle, 24 A.D.3d 768, 770 (2d Dept. 2005). The state court found that there was a "sufficient showing of abandonment" of the pre-existing use to support the Town's determination or, alternatively, that "there was a change of use after 2012" that "eliminated" Plaintiff's "preexisting nonconfoming use, even if there was one." Vanderveer v. Zoning Board of Appeals of the Town of east Hampton, 6/13/2019 Order, at 6:1 and 6:23-25).

Shortly after the state court dismissed Plaintiff's Article 78 proceeding, Plaintiff commenced this action, asserting causes of action in four Counts, as follows:

Count I.  Section 1983 action alleging a violation of the Fifth Amendment's Takings Clause, and also appearing to argue that Due Process requires that cross examination in connection with proceedings before the Zoning Board of Appeals (Complaint, Exhibit "A," Pages 35 – 40).

Count II.  Section 1983 action alleging violation of the Fourth, Fifth, and Fourteenth Amendments, reiterating Plaintiff's Takings Clause argument, and also asserting claims for violation of Due Process Clause and Equal Protection Clause (Complaint, Exhibit "A," Pages 40 – 42);

Count III.  Section 1983 Action alleging violation of the Fourteenth Amendment based upon alleged failure to train the board members, attorney, and Town inspectors regarding property rights, and also arguing that Article 78 of the New York Civil Practice Law and Rules is unconstitutional (Complaint, Exhibit "A," Page 47); and

Count IV.  Declaratory Judgment that unspecified portions of the East Hampton Town Code are unconstitutional under Article I §§ 6 and 11 of the New York State Constitution (Due Process and Equal Protection), and are otherwise void for vagueness (Complaint, Exhibit "A," Pgs. 48 – 52).

## DISCUSSION

**Point I:** **PLAINTIFFS' COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED**

### a. The 12(B)(6) Standard

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint may be dismissed for "failure to state a claim upon which relief can be granted." A complaint must include a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a), and thus to survive a motion to dismiss a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(internal quotation marks omitted).

"A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "[T]hreadbare recitals of a cause of action's elements, supported by mere conclusory statements," are not sufficient. Id. The Court's plausibility determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009). Where questions of intent are at issue, the complaint must contain "factual allegation sufficient to plausibly suggest . . . state of mind." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

The complaint is "deemed to include any written instrument attached to it as an exhibit, materials incorporated in it by reference, and documents that, although not incorporated by reference, are integral to the complaint." Sira v. Morton, 380 F.3d 57, 67 (2d Cir. 2004). See Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002).

### b. Plaintiff Has Failed to State a Fifth Amendment Takings Claim

Plaintiff's First and Second causes of action attempt to assert a claim under the Takings Clause of the Fifth Amendment, made applicable to the states through the Fourteenth Amendment, which prohibits personal property from being "taken for public use, without just compensation." (U.S. Const., Amend. V).

Pursuant to the Takings Clause, compensation is required where there has been a "permanent physical occupation" of a person's property by the government or where there has been a regulatory action that requires the owner to "sacrifice *all* economically beneficial uses in the name of the common good." Lucas v. South Carolina Coastal Council, 505 U.S. 1003, 1019 and 1028 (1992)(emphasis in original)(remanded with guidance that nuisance abatement is not a taking, even if arguably negating "all economically beneficial use" if "the proscribed use interests were not part of [the owner's] title to begin with").

Regulatory or administrative action will only rise to the level of a constitutional taking in limited circumstances, as a property owner's rights and title to their property are always subject to the "legitimate exercise of [the government's] police powers." Lucas v. South Carolina Coastal Council, 505 U.S. 1003, 1027 (1992).

While each case is unique, the Supreme Court has provided "two guidelines relevant here for determining when government regulation is so onerous that it constitutes a taking. First, with certain qualifications a regulation which denies all economically beneficial or productive use of land will require compensation under the Takings Clause. Second, when a regulation impedes the use of property without depriving the owner of all economically beneficial use, a taking still may be found based on a complex of factors, including (1) the economic impact of the regulation on the claimant; (2) the extent to which the regulation has interfered with distinct investment-backed expectations; and (3) the character of the governmental action." Murr v. Wisconsin, 137 S.Ct.

1933, 1942 (2017)(internal citations and formatting omitted) <u>citing</u> <u>Palazzolo v. Rhode Island</u>, 533 U.S. 606, 617 (2001).

Here, the complaint lacks factual allegations to support a plausible claim under the Takings Clause. There is no claim of physical occupation, no claim that there has been a denial of all economically beneficial use of the property. Thus, Plaintiff's claim appears to be based solely upon the more "complex" analysis of whether – given the nature of the government action, economic impact, and the owner's distinct investment backed expectations – the Town is "forcing" Plaintiff "alone to bear public burdens which, in all fairness and justice, should be borne by the public as a whole." <u>Palazzolo v. Rhode Island</u>, 533 U.S. 606, 618 (2001) <u>citing</u> <u>Armstrong v. United States</u>, 364 U.S. 40, 49 (1960).

This complaint contains no factual allegations related to any distinct investment backed expectation, the economic impact is limited to whether Plaintiff can rent his mother's barn and surrounding outdoor areas to a landscaping company for $1,000 per month, and the nature of the governmental action consisted of denying an application for a Certificate of Occupancy or Existing Use - solely with respect to outdoor commercial storage - based upon factual findings and the evidence submitted with the application.

Accordingly, Plaintiff has failed to allege sufficient facts to state a plausible claim under the Takings Clause.

### c. Plaintiff Has Failed to State a Due Process Claim

All four of Plaintiff's causes of action attempt to assert a multi-faceted due process claim, challenging both the Board of Zoning Appeals' procedures as well as the sufficiency of Article 78 review. The Fourteenth Amendment, echoing similar language from the Fifth Amendment, provides that no state shall "deprive any person of life, liberty, or property, without due process of

law." (U.S. Const., Amend. XIV). However, Plaintiff fails to state a plausible due process claim because, among other reasons, the availability of judicial review through a special proceeding under Article 78 of the New York State Civil Practice Law and Rules more than satisfies the requirements of due process.

### i. Any Substantive Due Process Claim is Subsumed By the Procedural Claim

Although the complaint refers to both "procedural and substantive" due process in at least one paragraph (**Exhibit "A,"** ¶ 136), substantive due process is not applicable where, as here, the claims arise from a dispute over the adequacy of procedures (rather than an alleged deprivation of a protected right outside of any type of process). In such a case, the substantive due process analysis "is either subsumed in [the] more particularized allegations, or must fail." <u>Velez v. Levy</u>, 401 F.3d 75, 94 (2d Cir. 2005). <u>See also</u> <u>Graham v. Connor</u>, 490 U.S. 386, 387 (1989) ("courts must identify the specific constitutional right allegedly infringed . . . then judge the claim by reference to the specific constitutional standard which governs that right"); <u>Kia P. v. McIntyre</u>, 235 F.3d 749, 758 (2d Cir. 2000) (substantive due process "has never been, and perhaps never can be, precisely defined," and only applies when "claims cannot be analyzed under any other more specific constitutional provision"). Additionally, as "substantive due process is an outer limit on the legitimacy of governmental action" where there is no procedural claim related to the adequacy of an existing pre- or post-deprivation remedy, it cannot be invoked for land use determinations that are "correctable in a state court lawsuit seeking review of administrative action." <u>Natale v. Town of Ridgefield</u>, 170 F.3d 258, 262 (2d Cir. 1999).

### ii. Plaintiff Has Failed to Allege A Protected Property Interest, As A Landowner Does Not Have A Vested Property Interest In Zoning Classification or Property Usage Except In Limited Circumstances

Generally, local permit application determinations due not implicate a constitutionally protected "life, liberty, or property" interest because "the mere existence of procedures for obtaining a permit or certificate do not, in and of themselves, create constitutional 'property interests.'" Zahra v. Town of Southold, 48 F.3d 674, 681–82 (2d Cir. 1995). An alleged "deprivation of a procedural right to be heard . . . is not actionable when there is no protected right at stake," Gagliardi v. Vill. of Pawling, 18 F.3d 188, 193 (2d Cir. 1994), and a protectable property interest must be "more than an abstract need or desire" and "more than a unilateral expectation" but instead requires "a legitimate claim of entitlement" that is ordinarily not present in the context of a land use application. Bd. of Regents of State Colleges v. Roth, 408 U.S. 564, 577 (1972). See also Nelson v. Colorado, 137 S. Ct. 1249, 1264 (2017).

It is well established that "the Due Process Clause does not function as a general overseer of arbitrariness in state and local land-use decisions; in our federal system, that is the province of the state courts." Zahra v. Town of Southold, 48 F.3d 674, 680 (2d Cir. 1995). The Due Process Clause "does not guarantee a person the right to bring a federal suit for denial of due process in every proceeding in which he is denied a license or a permit," and a "federal court 'should not ... sit as a zoning board of appeals.'" Yale Auto Parts, Inc. v. Johnson, 758 F.2d 54, 58 (2d Cir. 1985).

"In order to establish a constitutionally cognizable property interest, a litigant must demonstrate a legitimate claim of entitlement' to the benefit in question." Crowley v. Courville, 76 F.3d 47, 52 (2d Cir. 1996) citing Zahra, 48 F.3d at 680. "The strict entitlement analysis focuses on the extent to which the deciding authority may exercise discretion in arriving at a decision, rather than on an estimate of the probability that the authority will make a specific decision." Id. (internal punctuation omitted).

New York Law does not recognize a vested property interest in particular uses of land except in limited circumstances, such as where a landowner has made "substantial improvements and expenditures… relying on a valid permit" that would be rendered "essentially valueless" if the municipality ceased permitting the use. Town of Orangetown v. Magee, 88 N.Y.2d 41, 48 - 52 (1996). Additionally, "[w]here a local regulator has discretion with regard to the benefit at issue, there normally is no entitlement to that benefit" sufficient to support a due process claim. Gagliardi v. Vill. of Pawling, 18 F.3d 188, 192 (2d Cir. 1994).

A landowner does not have a "constitutionally protected property right in the zoning status of their land." Alzamora v. Vill. of Chester, No. 07-CV-2944, 2009 WL 578630, at *1 (2d Cir. Mar. 6, 2009). "Under New York law, a property owner has no right to the existing zoning status of his land unless his right has become 'vested,'" and "[i]n order for a right in a particular zoning status to vest, a property owner must have undertaken substantial construction and must have made substantial expenditures prior to the enactment of the more restrictive zoning ordinance." DLC Mgmt. Corp. v. Town of Hyde Park, 163 F.3d 124, 130 (2d Cir. 1998). New York's rule regarding the vesting of a particular use as a property right is derived from both the "common-law rule protecting nonconforming uses," and on "principles of equitable estoppel." Ellington Const. Corp. v. Zoning Bd. of Appeals of Inc. Vill. of New Hempstead, 77 N.Y.2d 114, 122 (1990).

In the absence of a local law granting greater protections, New York's common law provides for a vested property right in a prior non-conforming use "if, and only if, enforcement of the [subsequent] ordinance would, by rendering valueless substantial improvements or businesses built up over the years, cause serious financial harm to the property owner." People v. Miller, 304 N.Y. 105, 109 (1952)("harboring pigeons as a hobby does not amount to a 'vested right.'"). "[A] party advancing a prior nonconforming use exception to a zoning ordinance must establish specific

actions constituting an overt manifestation of its intent to utilize the property for the ascribed purpose… at the time the zoning ordinance became effective." <u>Glacial Aggregates LLC v. Town of Yorkshire</u>, 14 N.Y.3d 127, 138 (2010).

"Because nonconforming uses are viewed as detrimental to zoning schemes, public policy favors their reasonable restriction and eventual elimination" and "may, in a reasonable fashion, eliminate them" through, among other things "prohibit[ing] the expansion, enlargement, extension, reconstruction, or structural alteration of any nonconforming use." <u>550 Halstead Corp. v. Zoning Bd. of Appeals of Town/Vill. of Harrison</u>, 1 N.Y.3d 561, 562 (2003) <u>citing</u> <u>Matter of Toys "R" Us v. Silva</u>, 89 N.Y.2d 411, 417 (1996).

Here, there are no allegations of substantial improvements or expenditures in reliance upon any act of the Town, or any other factual allegations that would support a finding of a protected property interest with respect to the permitted uses of this property. By itself, a board's determination as to whether a "grandfather clause" applies involves a discretionary determination based upon evaluating the unique facts and circumstances of each case, and thus does not involve "a protected property interest." <u>Clavin v. Cty. of Orange</u>, 620 F. App'x 45, 48 (2d Cir. 2015).

Accordingly, Plaintiff has failed to allege a protected property interest.

### iii. The Procedure Available In Connection With Plaintiff's Certificate Application, Most Notably The Availability of Article 78 Review, Satisfy Due Process

Once a protected right is implicated, the Due Process Clause requires a "opportunity to be heard in a meaningful manner at a meaningful time." <u>Kaur v. New York State Urban Dev. Corp.</u>, 15 N.Y.3d 235, 260 (2010) <u>citing</u> <u>*Mathews v. Eldridge*</u>, 424 U.S. 319, 333 (1976). What constitutes a meaningful opportunity to be heard at a meaningful time, however, depends upon the

circumstances, as "[d]ue process is flexible and calls for such procedural protections as the particular situation demands." Mathews v. Eldridge, 424 U.S. 319, 334 (1976)(brackets omitted) quoting Morrissey v. Brewer, 408 U.S. 471, 481 (1972).

Towns are local governments of the State of New York with authority, generally, to independently manage their own property and affairs, and are expressly authorized under New York's Town Law to enact regulations and ordinances regarding the "use of buildings, structures and land for trade, industry, residence or other purposes." N.Y. Town Law § 261. See also N.Y.S. Constitution, Art. IX §2(b)(2); N.Y. Town Law § 264.

Each Town has a Zoning Board of Appeals ("ZBA") that is empowered to review land use determinations by Town officials, and "may reverse or affirm, wholly or partly, or may modify the order, requirement, decision, interpretation or determination appealed from," and otherwise exercise "all the powers of the administrative official from whose order, requirement, decision, interpretation or determination the appeal is taken. (N.Y. Town Law § 267-b).

It is well established that "municipal land use agencies… are quasi-legislative, quasi-administrative bodies," and "the public hearings they conduct are informational in nature and do not involve the receipt of sworn testimony or taking of 'evidence.'" Halperin v. City of New Rochelle, 24 A.D.3d 768, 770 (2d Dept. 2005). Although the chairperson of a ZBA is authorized to administer oaths and compel attendance of witnesses pursuant to Town Law § 267(10), a ZBA hearing is conducted as part of an open meeting, Town Law § 267-a, and there is no requirement that testimony be taken or that cross-examination be allowed. Milt-Nik Land Corp. v. City of Yonkers, 24 A.D.3d 446, 447 (2d Dept. 2005); Aprile v. LoGrande, 89 A.D.2d 563 (2d Dept. 1982), aff'd, 59 N.Y.2d 886, 466 (1983).

As a practical matter, an application to a land use agency is not an adversarial process. Plaintiff initiated an application requesting a certificate of occupancy reflecting an alleged pre-existing use, and that written application was reviewed and denied by the Town's Principal Building Inspector. Plaintiff appealed to the ZBA, which conducted a *de novo* review of Plaintiff's application, and held a public hearing at which Plaintiff or any other interested persons could be heard.

A person who believes they are aggrieved by a ZBA determination has a right to seek judicial review through a special proceeding under Article 78 of the Civil Practice Law and Rules. Specifically, the Board's determination is subject to judicial review for, among other things, being "in excess of jurisdiction," "in violation of lawful procedure," being "affected by an error of law," or being "arbitrary and capricious or an abuse of discretion." CPLR § 7803.

The Article 78 special proceeding — although arguably analogous to the slightly later-enacted Administrative Procedures Act (5 U.S.C. § 706) – has been referred to a "novel and special creation of state law" over which "the Supreme Court has exclusive jurisdiction," <u>Cartagena v. City of New York</u>, 257 F. Supp. 2d 708 (S.D.N.Y., 2003), which "conserves public money by forcing a quick and efficient resolution of claims against state agencies." <u>Finley v. Giacobbe</u>, 79 F.3d 1285, 1292 (2d Cir. 1996). In any Article 78 Proceeding, if the court determines that there is a triable issue of fact, it may order an immediate trial. C.P.L.R. 7804(h). In an Article 78 Proceeding arising from a BZA determination, the Town Law also provides that if the court determines that "testimony is necessary for the proper disposition of the matter, it may take evidence or appoint a referee." Town Law § 267-C and 282.

It is well established that the availability of judicial review under Article 78 satisfies the requirements of due process. <u>Campo v. New York City Employees' Retirement System</u>, 843 F.2d

96 (2d Cir. 1988) cert. denied, 488 U.S. 889, 109 S.Ct. 220, 102 L.Ed.2d 211 (1988); Brady v. Town of Colchester, 863 F.2d 205, 211 (2d Cir.1988); Orange Lake Assoc. v. Kirkpatrick, 825 F.Supp. 1169, 1179 (S.D.N.Y.1993) aff'd 21 F.3d 1214, 1221 (2d Cir.1994).

> [W]e have held on numerous occasions that an Article 78 proceeding is a perfectly adequate postdeprivation remedy . . . [a]n Article 78 proceeding is adequate for due process purposes . . . If there is a constitutional violation, federal courts are available to hear § 1983 suits despite the availability of adequate state procedures . . . however . . . there is no constitutional violation (and no available § 1983 action) when there is an adequate state postdeprivation procedure to remedy a random, arbitrary deprivation of property or liberty. . . . because of the availability of an Article 78 proceeding [a plaintiff is] not deprived of such property or liberty without due process of law.

See also Campo v. New York City Employees' Retirement System, 843 F.2d 96 (2d Cir. 1988) cert. denied, 488 U.S. 889, 109 S.Ct. 220, 102 L.Ed.2d 211 (1988) and Brady v. Town of Colchester, 863 F.2d 205, 211 (2d Cir.1988).

Accordingly, Plaintiff has failed to state a plausible claim for deprivation of Due Process. The availability of Article 78 review, by itself, negates this claim. Beyond this, the procedures followed the ZBA in reviewing Plaintiff's application were entirely proper and appropriate.

### iv. Plaintiff Fails to Plead an Equal Protection Claim Because He Fails to Allege Facts That Plausibly Show Similarly Situated Comparators

A "class of one" equal protection claim is only recognized in very limited circumstances based upon claims that a plaintiff was "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000). Cf. Engquist v. Oregon Dept. of Agriculture, 553 US 591 (2008)(A class of one claim is not available in fact-specific discretionary determinations, such as employment).

"[C]lass-of-one plaintiffs must show an extremely high degree of similarity between themselves and the persons to whom they compare themselves." Ruston v. Town of Skaneateles, 610 F.3d 55, 59 (2d. Cir. 2010) quoting Clubside, Inc. v. Valentin, 468 F.3d 144, 159 (2d Cir.2006). "Accordingly, to succeed on a class-of-one claim, a plaintiff must establish that (i) no rational person could regard the circumstances of the plaintiff to differ from those of a comparator to a degree that would justify the differential treatment on the basis of a legitimate government policy; and (ii) the similarity in circumstances and difference in treatment are sufficient to exclude the possibility that the defendants acted on the basis of a mistake." Id.

Where Plaintiffs attempting to assert an equal protection claim based upon a land use determination "fail to allege that properties sufficiently similar to theirs were treated more favorably," such a claim must be dismissed at the pleading stage. Ruston v. Town Bd. for Town of Skaneateles, 610 F.3d 55, 59 - 60 (2d Cir. 2010) citing Ashcroft v. Iqbal, 556 U.S. 662 (2009).

Here, Plaintiff has failed to allege any comparators who sought a certificate of occupancy or pre-existing use under highly similar circumstances and were treated differently. Indeed, this action relates to a highly fact-specific set of circumstances (i.e. the BZA's evaluation of Plaintiff's application alleging a continuous preexisting nonconforming use over a period of decades), that may be so fact-specific that an equal protection claim cannot be asserted. Engquist v. Oregon Dept. of Agriculture, 553 US 591 (2008).

Plaintiff's complaint contains only one address for an alleged comparator, with no factual allegations related to the similarity between the properties or any sort of application made by the alleged comparator, and — upon review — the alleged comparator is located within the Town's "Neighborhood Business" zone. (Complaint, **Exhibit "A,"** ¶ 170)(Excerpts of Town of East Hampton Zoning Map, **Exhibit "D"**). Plaintiff's vague allegations that "upon information and

belief" there are nearby properties with structures for which permits or certificates were not issued, or that there is a family with a "preexisting, continuing, nonconforming use for storage of marina related items," are not sufficient to state an equal protection claim. Id. The complaint fails to contain factual allegations sufficient to identify the other properties referred to; the circumstances of these properties are only described in vague terms; there are no factual allegations related to what, if any, applications these other property owners may have made; and there are insufficient factual allegations to demonstrate a plausible claim that these properties were similar.

Accordingly, Plaintiff has failed to state a plausible equal protection claim.

### v. There Was A Rational Basis for the Board's Determination

The standard of review, for both a substantive due process claim and equal protection claim, is the a rational basis standard. See Dittmer v. Cty. of Suffolk, 59 F. App'x 375, 378 (2d Cir. 2003). Local land use agency boards are comprised of "locally selected and locally responsible officials" who are "familiar with local conditions" and charged with exercising discretion with respect to "sensitive planning decisions which affect the development of their community." Cowan v. Kern, 41 N.Y.2d 591, 599 (1977). Such agencies have broad discretion, such that "where there is a rational basis for the local decision, that decision should be sustained. It matters not whether, in close cases, a court would have, or should have, decided the matter differently." Id. See also County of Sacramento v. Lewis, 523 U.S. 833, 846 (1998) ("[O]nly the most egregious official conduct can be said to be arbitrary in the constitutional senses."). It is well established that "deference must be given to the discretion and commonsense judgments of" local land use agencies." Retail Prop. Tr. v. Bd. of Zoning Appeals of Town of Hempstead, 98 N.Y.2d 190, 196 (2002).

Under a rational basis standard, governmental action "will be sustained if it can be said to advance a legitimate government interest, even if the law seems unwise or works to the disadvantage of a particular group, or if the rationale for it seems tenuous." Romer v. Evans, 517 U.S. 620, 632 (1996). See also Heller v. Doe by Doe, 509 U.S. 312 (1993).

Here, there is a clear rational basis for the BZA's determination. Plaintiff appears to argue that the Town had the burden to produce a witness to "testify that on all 365 days per year there had been no outdoor storage use." (Complaint, **Exhibit "A,"** ¶ 98). However, this was Plaintiff's application, seeking an exception from otherwise generally applicable zoning laws, based upon Plaintiff's claim that there had been a nonconforming use at the property that had continued unabated and unchanged for nearly seventy years consisting of "indoor and outdoor storage… for commercial purposes." (BZA Record, **Exhibit "B,"** P. 80). Specifically, Plaintiff was seeking to rent a residentially-zoned property to a landscaping business, and claimed that it was merely a continuation of an existing use dating to at least the 1950's.

Contrary to Plaintiff's arguments, Plaintiff was the only party with a burden of proof with respect to his land use application. The Town, via the BZA, was the decision maker, not an adverse party. In seeking a certificate of pre-existing use (or each jurisdiction's comparable certificate or letter), "the owner of a property, generally speaking, must establish that the allegedly pre-existing use was legal prior to the enactment of the prohibitive zoning ordinance which purportedly rendered it nonconforming," while neighbors and other interested parties have an opportunity to argue "that the evidence submitted by [the owner] in support of its application was insufficient to demonstrate that the challenged uses existed on the subject property prior to the adoption of the prohibitive zoning ordinance." Sand Land Corp. v. Zoning Bd. of Appeals of Town of Southampton, 137 A.D.3d 1289, 1293 (2d Dept. 2016).

In finding Plaintiff's evidence insufficient, the Board looked past the fact that there had been a prior jury verdict finding a change of use, and separately evaluated Plaintiff's evidence, or the lack thereof. There was no evidence other than Plaintiffs' conclusory assertion as to what the property was used for prior to 1957, and there was no evidence of any type of lease or fee arrangement prior to 2012. (BZA File, **Exhibit "B,"** Pg. 5). The only documentary evidence that Plaintiff submitted from this period is a 1954 letter from the Board of Assessors, which at no point references commercial storage, but instead changes the designation from "residence" to "barn" at Plaintiff's father's request and reduces the tax assessment. (**Exhibit "B,"** Pg. 214).

Beyond this, the Board found evidence of abandonment based upon aerial and satellite images taken periodically between 1962 and 2016, none of which reflected any outdoor storage until the 2012 lease. (Id, Pg. 7). As the BZA observed, none of the affidavits submitted by Plaintiff actually state that there was continuous commercial outdoor storage, but instead all of the various affidavits suggest intermittent storage of the owner's or their friend's personal property, generally inside of the barn.

In contrast to Plaintiff's evidence in support of his application, five of Plaintiff's neighbors vehemently opposed this application (two of them hiring counsel), and submitted letters and affidavits attesting in clear and unequivocal terms that there was no pre-existing use at this property, based upon decades of observation by each of them, and that the landscaping business (which one neighbor described as turning the property into an "illegal junkyard") was a recent and unwelcome change to what had previously been a vacant field. (**Exhibit "B,"** Pg. 132 – 169). As one of the letters explained, "up until 2013 the property… has been an open filed with tall grass and nothing else" until "a tree service/landscaping business started operating out of said property." (**Exhibit "B,"** Pg. 169).

The Board's determination is not only rationally based, but completely consistent with all of the evidence that was submitted. Plaintiff's evidence is simply not consistent with Plaintiff's claim that there has been a commercial storage business operating from this location, without expansion, change, or cessation beyond a certain period, for seventy years. While Plaintiff, in essence, appears to be arguing that this property has always been used for some type of storage, the legal inquiry as to what constitutes a pre-existing non-conforming is a very different inquiry. Indeed, it appears undisputed that this property was rented to a landscaping business in 2012, which is materially different than the other types of storage (however they may be characterized) that Plaintiff alleges the property was used for in the past.

### vi. Plaintiff's Third Cause of Action, For Failure to Train, is Not Legally Cognizable

Under appropriate circumstances, a "failure-to-train theory" may be utilized to argue that an otherwise isolated constitutional deprivation is part of a policy and practice based <u>Monell</u> claim alleging deliberate indifference to constitutional rights. <u>Okin v. Vill. of Cornwall-On-Hudson Police Dep't</u>, 577 F.3d 415, 440 (2d Cir. 2009). To prove deliberate indifference, we have required the plaintiff to show: (1) "that a policymaker knows 'to a moral certainty' that her employees will confront a given situation"; (2) "that the situation either presents the employee with a difficult choice of the sort that training or supervision will make less difficult or that there is a history of employees mishandling the situation"; and (3) "that the wrong choice by the ... employee will frequently cause the deprivation of a citizen's constitutional rights. <u>Id</u>.

This case, however, does not involve any circumstances that are even arguably comparable to the deliberate failure to implement and act upon New York's requirements for

mandatory arrest in certain domestic violence situations that was alleged in <u>Okin</u>. (See N.Y. Penal Law 140.10).

In this action, Plaintiff argues for a dramatic change in the law, asking the Court to find that the procedural framework under which land use agencies operate in New York -- based upon the State's Town Law and Civil Practice Law and Rules, numerous similarly structured local codes throughout the State, and decades of state and federal precedent – is unconstitutional.  It cannot be said that an alleged "failure to train" Town Officials with respect to Plaintiff's creative (and, we submit, unmeritorious) legal arguments amounts to deliberate indifference.

Additionally, New York State has enacted specific legislation regarding training of BZA Members, providing at Town Law § 267 that BZA Members must receive four hours of training per year, unless waived by the Town, but "no decision of a zoning board of appeals shall be voided or declared invalid because of a failure to comply with" the training requirement.

### vii.   Plaintiff's Fourth Cause of Action Fails Because There Is No Private Right of Action Under the New York State Constitution Where There is a Comparable Federal Claim

There is no private right of action under the New York State Constitution where there is a parallel federal claim, and the New York Court of Appeals has only implied a right of action where the State Constitution expressly differs from the Federal Constitution. <u>See G.D.S. v. Northport-East Northport Union Free Sch. Dist.</u>, 915 F. Supp. 2d 268, 280 (E.D.N.Y., 2012) (collecting cases).

Accordingly, Plaintiff's claims under the Due Process and Equal Protection Clauses of the New York State Constitution are not actionable.

### viii.   Plaintiff's Fourth Cause of Action, To The Extent Alleging That The Town Code is Void For Vagueness, Fails

Plaintiff argues that the Town's zoning ordinances are unconstitutionally vague. Specifically, Plaintiff argues that there is no statutory definition for the words "commercial," or "change," or "use;" and that East Hampton Town Code 255-2-40-D uses the words "abandonment," "lack of activity," and "discontinued," without specifically defining them. (Complaint**, Exhibit "A,"** 176 – 177, 182).

It is well established that legislative enactments, including those of local governments such as the Town of Southampton, carry with them a "presumption of validity so strong as to demand of those who attack them a demonstration of invalidity beyond a reasonable doubt, and the courts strike them down only as a last unavoidable result." Van Berkel v. Power, 16 N.Y.2d 37, 40 (1965). See also Town of Huntington v. Park Shore Country Day Camp of Dix Hills, Inc., 47 N.Y.2d 61, 65 (1979); Nicholson v. Inc. Vill. of Garden City, 112 A.D.3d 893, 894 (2d Dept. 2013).

Statutory language is "measured by common understanding and practices," as "we can never expect mathematical certainty from our language," and many regulations by their nature must "embody flexibility and reasonable depth." Cunney v. Bd. of Trustees of Village of Grand View, 660 F. 3d 612, 621 (2d Cir. 2011).

First, to the extent any of these words are undefined, they are readily capable of understanding based upon usage and, where necessarily, judicial interpretation and clarification. We use words to define other words, and cannot do so *ad infinitum*.  For example, Dictionary.com defines "change" as "to make… different;" defines "different" using the words

"not alike;" then defines "alike" using the word "same;" then defines "same" using the word "identical;" then defines "identical" using the words "similar," "alike," and "same."

Second, most of these words are, in fact, defined in the statute. East Hampton Town Code 255-1-14(g) states that "the word 'use' refers to any purpose for which a lot or structure, or any part thereof, is arranged, intended or designed to be used, put, occupied, maintained, made available or offered and for which a structure is erected, reconstructed, razed, demolished, rebuilt, moved, altered or enlarged."

"Commercial" is used the Definitions section of the Town's Zoning Law, East Hampton Town Code 255-1-20 as part of the phrase "commercial property," which is defined as "any lot containing a nonconforming business use and any vacant or improved lot in a commercial use district," and is also used repeatedly in defining in the definitions section to define different types of business usage, such as defining "garage, storage" as:

> a commercial use of land consisting of the rental of space
> within a building for the storage and sheltering of motor
> vehicles and other conveyances, machinery or equipment.
> A storage garage shall be considered a passive indoor use
> and shall not encompass any form of outdoor storage nor
> any repair work or other trade or business carried on within
> the building. The storage of boats at a marina or boatyard
> shall not also be considered a storage garage.

The phrase "lack of activity" is not used in the statute at all, and the drafters of the statute cannot be expected to define terms that they did not use. The word "discontinued" is used as part of the definition for "abandonment" contained within East Hampton Town Code § 255-1-40, along with "ceased" and "not . . . carried on."

The section of the East Hampton Town Code that Plaintiff appears to be arguing is unconstitutionally vague is § 255-1-40, entitled "Nonconforming uses," which states:

The following provisions shall apply to and govern all nonconforming uses, as the same are defined herein, wherever located:

A. Nonconforming uses permitted to continue. Every nonconforming use may be continued in the building or structure or upon the lot or land which it occupies after the effective date of this chapter or after the effective date of the amendment or revision thereof which rendered the use nonconforming, unless this chapter or such amendment or revision includes explicit language providing for the limitation or termination of such use.

B. Prohibition on physical expansion. No building or structure or part thereof which is used by a nonconforming use shall be enlarged or added to; nor shall such building, structure or part thereof be reconstructed, altered, restored or repaired such that the gross floor area after such reconstruction alteration, restoration or repair exceeds 100% of the gross floor area of the building, structure, or part thereof on the date the use became nonconforming.

C. No nonconforming use shall be changed, unless such change is to a conforming use.

D. Abandonment. A nonconforming use which is abandoned shall be deemed to have ceased to exist for all purposes hereunder and shall not thereafter be carried on. Such abandonment of a nonconforming use shall occur:

(1) When the use is changed to a conforming use.

(2) In the case where the use occupied a building or structure designed primarily to accommodate or facilitate such use, when the use is discontinued for any reason for a period of 36 consecutive months or voluntarily for 18 months.

(3) In the case where the use occupied any other building or structure, when the use is discontinued for any reason for a period of 24 months or voluntarily for 12 months.

(4) In the case where the use was carried out on a lot upon which there was located no consequential building or structure devoted to the discontinued use, when the use is discontinued for any reason for a period of 12 months or voluntarily for six months.

Contrary to Plaintiff's arguments, this section is far from unconstitutionally vague and standardless.

### ix.   The Zoning Board of Appeals is Not A Proper Defendant

The Town of East Hampton is a municipal corporation and local government of the State of New York. (NYS Constitution, Art. IX, § 3(d)(2); Town Law § 2; see also Town Law § 60). A municipal entity will only be considered the "person" liable under Section 1983 where the plaintiff's claim is based upon "edicts or acts" by the entity itself that may "fairly be said to represent official policy." Monell v. Dept. of Soc. Serv., 436 U.S. 658, 694 (1978). A plaintiff attempting to assert a Monell claim must "demonstrate that, through its deliberate conduct, the municipality itself was the moving force behind the alleged injury." Simms v. City of New York, 480 Fed.Appx. 627, 629 (2d Cir. 2012)(internal formatting omitted)

The Zoning Board of Appeals, as with other boards, bodies, and administrative arms of a local government, lacks capacity to be sued. It is well established that "administrative arms of a municipality do not have a legal identity separate and apart from the municipality and, therefore, cannot sue or be sued." Soundview Assocs. v. Town of Riverhead, 725 F. Supp. 2d 320, 343 (E.D.N.Y. 2010). See also N.Y.S. Const. Art. X, §§ 4 and 5; Dish Realty, LLC v. Town of Huntington, 122 A.D.3d 665, 996 N.Y.S.2d 335, 337 (2014); Dudek v. Nassau Cty. Sheriff's Dep't, 991 F. Supp. 2d 402, 410 (E.D.N.Y. 2013); Wilson v. City of New York, 800 F. Supp. 1098, 1101 (E.D.N.Y. 1992). While a "board" is a proper party to an Article 78 proceeding by statute (C.P.L.R. § 7802), a board merely acts on behalf of a local government and does not have sufficient legal existence to have capacity to be sued in a plenary action.

### x. There Are No Facts Pled Against the Individual Defendants and/or They Are Entitled to Qualified Immunity

In an action under Section 1983, a "plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution," and thus the complaint must contain "factual allegation sufficient to plausibly suggest… state of mind" where applicable. Ashcroft v. Iqbal, 556 U.S. 662, 676 and 683 (2009).

"A government official performing a discretionary function is entitled to qualified immunity if (1) his or her conduct does not violate a clearly established constitutional or statutory right of which a reasonable person would have known, . . . or (2) it was objectively reasonable for the official to believe their acts did not violate those rights." <u>Crowley v. Board of Zoning Appeals of Incorporated Village of Southampton</u>, 872 F.Supp. 1171, 1173 (E.D.N.Y.,1995) <u>citing</u> <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 818 (1982) and <u>Anderson v. Creighton</u>, 483 U.S. 635, 641 (1987). <u>See also</u> <u>Oliveira v. Mayer</u>, 23 F.3d 642, 648 (2d Cir.1994); <u>Natale v. Town of Ridgefield</u>, 927 F.2d 101, 104–05 (2d Cir.1991).

With respect to BZA members, some courts have gone so far as to suggest that they are entitled to absolute judicial immunity, but the District Courts in this Circuit that have addressed the issue have found that qualified, rather than absolute, immunity applies because — contrary to Plaintiff's arguments — the BZA is quasi-legislative and administrative, rather than quasi-judicial. <u>Chabad Lubavitch of Litchfield County, Inc. v. Borough of Litchfield, Connecticut</u>, 213 F.Supp.3d 329, 346 (D.Conn., 2016). <u>See also</u> <u>Rodrigues v. Village of Larchmont</u>, 608 F.Supp. 467, 477 (S.D.N.Y., 1985); <u>Altaire Builders, Inc. v. Village of Horseheads</u>, 551 F.Supp. 1066, 1074 (W.D.N.Y., 1982).

Plaintiff names seven individual Defendants, but, other than listing their names, the complaint is devoid of factual allegations of any conduct related to the specific individual Defendants beyond performing their duties in good faith.

Defendant John P. Whelan, Board of Zoning Appeals Chairman, recused himself and did not participate in the vote, but is still named.. (**Exhibit "B,"** Page 2). The other four members of the Board appear to be named solely by virtue of their vote to deny Plaintiff's application, but there are no other factual allegations in the complaint directed at them.

Defendant Baldwin is an Assistant Town Attorney who appears to have been named merely based upon confirming to Plaintiff or one of his prior counsel that there is no cross examination during the public hearings on a zoning board applications. (Complaint, **Exhibit "A,"** ¶ 41).

Ms. Glennon is referenced repeatedly in the complaint as the building inspector who reviewed Plaintiff's application, and whom Plaintiff wanted to cross-examine, but there are no factual allegations as to any conduct by Ms. Glennon to support a claim against her. Ms. Glennon made a rationally based determination, and then the BZA reached the same determination following a *de novo* review of Plaintiff's application, and the New York State Supreme Court dismissed an Article 78 Petition alleging, among other things, that the determination was arbitrary and capricious.

**Point II:** **PLAINTIFF'S CLAIMS ARE UNTIMELY TO THE EXTENT RELATED TO THE CRIMINAL CHARGES AND PROCEEDING**

The statute of limitations for an action under Section 1983 is three years. Murphy v. Lynn, 53 F.3d 547, 548 (2d Cir. 1995). The Plaintiff alleges that in 2015, more than three years before this 2019 lawsuit, he was prosecuted for and convicted of violating the Town Code through an unauthorized use of the property. (Complaint, **Exhibit "A,"** Para. 26). Accordingly, on the face of the complaint, claims related to these charges or the conviction are untimely.

**Point III:** **PLAINTIFF'S CLAIMS ARE BARRED BY COLLATERAL ESTOPPEL**

Collateral estoppel, or issue preclusion, applies where "(1) the identical issue necessarily was decided in the prior action and is decisive of the present action, and (2) the party to be precluded from relitigating the issue had a full and fair opportunity to litigate the issue in the prior action." Razzano v. Remsenburg-Speonk Union Free Sch. Dist., 751 F. App'x 24, 27 (2d Cir. 2018) (internal citations and punctuation omitted) *citing* Burkybile v. Bd. of Educ. of Hastings-On-

Hudson, 411 F.3d 306, 311-12 (2d Cir. 2005) and Evans v. Ottimo, 469 F.3d 278, 281 (2d Cir. 2006). "The party seeking the benefit of collateral estoppel has the burden of demonstrating the identity of the issues whereas the party attempting to defeat its application has the burden of establishing the absence of a full and fair opportunity to litigate the issues." Constantine v. Teachers Coll., 448 F. App'x 92, 93 (2d Cir. 2011)(internal formatting omitted) citing Evans v. Ottimo, 469 F.3d 278, 281–82 (2d Cir. 2006).

Here, Plaintiff's entire claim is based upon relitigating issues that have already been decided in prior litigations where Plaintiff had a full and fair opportunity to be heard. As reflected in the post-trial decision (**Exhibit "B,"** Pg. 226), after a three day jury trial, Plaintiff was convicted of seven charges, including an unlawful change of use in violation of East Hampton Town Code § 102-14(c), which provides "no change shall be made in the use or type of occupancy of an existing building or structure unless a certificate of occupancy authorizing such change shall have been issued by the Building Inspector." Accordingly, Plaintiff cannot dispute that there was a change of use.

Similarly, on June 13, 2019, shortly before this action was commenced, the New York State Supreme Court found that the BZA's determination was not arbitrary and capricious, and rejected many of the same exact arguments that are being made here. (6/13/2019 Order, **Exhibit "C"**).

Accordingly, Plaintiff cannot re-litigate issues that have already been determined in prior proceedings, and the prior determinations are fatal to these claims.

**Point IV:**     **ABSTENTION IS APPROPRIATE**

"Federal courts should not . . . review non-constitutional land-use determinations by the Circuit's many local legislative and administrative agencies." Sullivan v. Town of Salem, 805 F.2d 81, 82 (2d Cir.1986)(internal formatting omitted). "[T]he prospect of undue interference with state proceedings counsels against federal relief." Sprint Commc'ns, Inc. v. Jacobs, 571 U.S. 69, 72 (2013). See also Diamond" D" Const. Corp. v. McGowan, 282 F.3d 191, 201 – 202 (2d Cir. 2000)(internal quotations and formatting omitted).

The Younger abstention doctrine "applies with equal force to state administrative proceedings" where a plaintiff has an "adequate forum for the vindication of federal constitutional rights." Diamond "D" Const. Corp. v. McGowan, 282 F. 3d 191, 200 (2d Cir. 2000). A "Younger abstention is required when three conditions are met: (1) there is an ongoing state proceeding; (2) an important state interest is implicated in that proceeding; and (3) the state proceeding affords the federal plaintiff an adequate opportunity for judicial review of the federal constitutional claims." Id.

Here, there are ongoing appeals, involving the important state interests of interpreting local land use regulations and overseeing local land use agencies, where the state proceedings provide an adequate opportunity to Plaintiff's claims.

Additionally, under Railroad Comm'n of Texas v. Pullman Co., 312 U.S. 496 (1941), in this case Plaintiff asks this Court to prematurely opine upon constitutional issues that are already pending in two appellate matters before the state court.

Lastly, consistent with the discussion of promoting abstention in state law land-use disputes in the interest of federalism contained in Justice Kagan's dissenting opinion in Knick v. Township of Scott, Pennsylvania, 139 S. Ct. 2162, 2188 (2019), an abstention under Colorado River Water

Conservation Dist. v. United States, 424 U.S. 800, 804 (1976) should be considered even if the less flexible abstention doctrines were not applicable.

## **CONCLUSION**

WHEREFORE, it is respectfully requested that an Order be issued: (a) pursuant to Fed. R. Civ. P. 12(b)(6) dismissing this action, in whole or in part, for failure to state a claim; and/or (b) Pursuant to Fed. R. Civ. P. 12(b)(1) dismissing this action for lack of jurisdiction based upon an abstention; together with such other and further relief in Defendants' favor as is deemed just, equitable, and proper.

Dated: October 8, 2019                 Respectfully submitted,

                                          DEVITT SPELLMAN BARRETT, LLP

                                          _____

                                          By: Scott J. Kreppein, Esq.