UNTED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X   Docket No. 19-cv-3833 (FB)(CLP)
DONALD A. VANDERVEER,

                     Plaintiffs,

      -against-

ZONING BOARD OF APPEALS OF EAST HAMPTON, JOHN P. WHELAN, SAMUEL KRAMER, ROY DALENE, THERESA BERGER, TIM BRENNEMAN, ANN M. GLENNON, ELIZABETH BALDWIN, and TOWN OF EAST HAMPTON,

                     Defendants.

------------------------------------------------------X

# REPLY MEMORANDUM OF LAW
# IN FURTHER SUPPORT OF DEFENDANTS'
# MOTION TO DISMISS

DEVITT SPELLMAN BARRETT, LLP
50 Route 111, Suite 314
Smithtown, NY 11787
(631) 724-8833

Scott J. Kreppein, Esq.
Counsel

**Table of Contents**

I.   PLAINTIFF HAS FAILED TO STATE A TAKINGS CLAIM ........................................1

II.  PLAINTIFF HAS FAILED TO STATE A DUE PROCESS
     CLAIM ........................................................................................................................2

III. PLAINTIFF HAS FAILED TO STATE AN EQUAL
     PROTECTION CLAIM ............................................................................................5

IV.  ABSTENTION ...........................................................................................................7

**TABLE OF AUTHORITIES**

**Cases**

Armour v. City of Indianapolis, Ind., 566 U.S. 673, 681 (2012)................................................4

Ashcroft v. Iqbal, 556 U.S. 662, 683 (2009)................................................................................7

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) ...............................................................2

Campo v. New York City Employees' Retirement System, 843 F.2d 96 (2d Cir. 1988).............................................................................................................................................2

Ellentuck v. Klein, 570 F.2d 414, 427 (2d Cir. 1978) .................................................................2

Hu v. City of New York, 927 F.3d 81, 92 (2d Cir. 2019)..............................................................6

Kabrovski v. City of Rochester, New York, 149 F. Supp. 3d 413, 425 (W.D.N.Y. 2015) ......................................................................................................................2

Knick v. Twp. of Scott, Pennsylvania, 139 S. Ct. 2162, 204 L. Ed. 2d 558 (2019)............................................................................................................................................2

Maher v. Town of Stony Point, No. 16-CV-607 (KMK), 2018 WL 4759786, at *10 (S.D.N.Y. Sept. 29, 2018) ...............................................................................3

Murr v. Wisconsin, 137 S. Ct. 1933, 1943 (2017).......................................................................1

Pelham Esplanade, Inc. v. Bd. of Trustees of Vill. of Pelham Manor, 77 N.Y.2d 66, 70 (1990) ..............................................................................................................3

Penn Cent. Transp. Co. v. City of New York, 438 U.S. 104, 124 (1978) ....................................1

Town of Orangetown v. Magee, 88 N.Y.2d 41, 48 - 52 (1996) ....................................................1

Toys R Us v. Silva, 89 N.Y.2d 411, 423 (1996)...........................................................................4

**Statutes**

East Hampton Town Code §255-1-40(C) ....................................................................................3

**Rules**

Fed. R. Civ. P. 1..........................................................................................................................1

Fed. R. Civ. P. 12........................................................................................................................1

**Constitutional Provisions**

U.S. Const., Amendment XIV, § 1 ................................................................................2

U.S. Const., Art IV § 1................................................................................................2

# REPLY

## I. PLAINTIFF HAS FAILED TO STATE A TAKINGS CLAIM

Plaintiff does not allege that he was deprived of all beneficial economic use of this property, as it remains a valuable piece of residential property. Instead, Plaintiff argues that there was a regulatory taking, based upon interfered with distinct investment backed expectation of a "commercial" use, but fails to allege — either in the complaint or in opposition -- that he has made any investment in the property at all, let alone in reliance upon any type of affirmative government action. See generally Murr v. Wisconsin, 137 S. Ct. 1933, 1943 (2017); Penn Cent. Transp. Co. v. City of New York, 438 U.S. 104, 124 (1978). The "distinct investment-backed expectation" inquiry is intertwined with the analysis as to whether the owner had a property interest in a particular use under state law, which requires, in New York's formulation, substantial improvements and expenditures in reliance upon a permit or similar affirmative governmental act. Penn Central, 438 U.S., 124; Town of Orangetown v. Magee, 88 N.Y.2d 41, 48 - 52 (1996). There are no factual allegations in this complaint to support such a claim.

In opposition to Defendants' motion to dismiss, Plaintiff argues – without reference to any authority -- that Rule 12 should not apply to regulatory takings claims because they are based upon "complex" factors, and thus such claims must "await" discovery and can only be addressed in a Rule 56 motion. (Memorandum in Opposition, P. 11). There is absolutely no authority or basis whatsoever for such an argument, and it runs counter not only to Fed. R. Civ. P. 12, but also the overarching principal of securing a "just, speedy, and inexpensive determination" of matters before the Court set forth in Fed. R. Civ. P. 1.

Similarly, there is also absolutely no basis whatsoever for Plaintiff's argument that Knick v. Twp. of Scott, Pennsylvania, 139 S. Ct. 2162, 204 L. Ed. 2d 558 (2019) "broadened" what constitutes a regulatory taking. The Court in Knick was discussing whether a claim was ripe, and did not reach the merits of the underlying claim.

To survive a motion to dismiss, Plaintiff must assert factual allegations that plausibly state a claim for relief. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); See e.g. Kabrovski v. City of Rochester, New York, 149 F. Supp. 3d 413, 425 (W.D.N.Y. 2015)(dismissing regulatory takings claim on the pleadings).

## II. PLAINTIFF HAS FAILED TO STATE A DUE PROCESS CLAIM

Plaintiff has not stated a substantive due process claim because there is already a procedure in place to address Plaintiff's arguments. The Constitution guarantees "due process," and if the local government administrative process and state court system provide an appropriate procedure to address the substantive issues, then the State's determination must be given "Full Faith and Credit" and that is the end of the "substantive" due process inquiry. U.S. Const., Art IV § 1; U.S. Const., Amendment XIV, § 1.

Plaintiff's argument that cross-examination is constitutionally required as part of a Board of Zoning Appeals hearing applications during their meetings, and that Article 78 Review is unconstitutional, are contrary to all applicable authority on the issues. See, e.g. Ellentuck v. Klein, 570 F.2d 414, 427 (2d Cir. 1978); Campo v. New York City Employees' Retirement System, 843 F.2d 96 (2d Cir. 1988). What Plaintiff refers to as a "technical manual" is merely a five page pamphlet designed to give non-attorney applicants a general overview of the BZA process. The State's Division of Local Government Services is not a regulator, but instead provides basic

2

resources and information that, while helpful as a practical matter, cannot and is not intended to be relied as authoritative. See Maher v. Town of Stony Point, No. 16-CV-607 (KMK), 2018 WL 4759786, at *10 (S.D.N.Y. Sept. 29, 2018).

Notwithstanding Plaintiff's dissatisfaction with the outcome, he was heard at a meaningful time and in a meaningful manner. This lot has never been zoned as anything other than residential, and Plaintiff had a "high" "burden of persuasion" to convince the Board that there was a continuing non-conforming use. Pelham Esplanade, Inc. v. Bd. of Trustees of Vill. of Pelham Manor, 77 N.Y.2d 66, 70 (1990).

"Commercial," by itself, is not a use — it is a broad category of uses. To establish a nonconforming use, Plaintiff was required to identify the alleged nonconforming use, which cannot be "changed, unless such change is to a conforming use." East Hampton Town Code §255-1-40(C). Plaintiff's proof was deficient, and it is abundantly clear that he is attempting to bootstrap completely new "commercial" uses onto an already questionable claim of having historically used the property for "some storage" of the owner's own "marina related chattel." (Memorandum in Opposition, Pg. 19).

The Board appropriately considered Plaintiff's application, and found it deficient. A due process claim should not be a vehicle to second-guess the reasoned decision-making of a local land use agency, and there was clearly a rational basis for this determination. Plaintiff's application was woefully lacking in the basic information and evidence that would be expected from someone claiming to have operated a "commercial" storage business, both indoors and out, for sixty years. Plaintiff's argument that it is "outrageous" to inquire whether his alleged business generated any "income from third parties" is, itself, outrageous. (Memorandum in Opposition, Page 16). It is

3

entirely appropriate for a ZBA to look for items that would be "typically available to document a legitimate business operation." Toys R Us v. Silva, 89 N.Y.2d 411, 423 (1996).

It was entirely rational for the Board to determine that Plaintiff had not been operating a storage business from this location for sixty years, and it is beyond dispute that he was not operating or renting the property to a landscaping business for sixty years. Plaintiff engages in semantic gymnastics attempting to argue that someone storing their own personal property in a barn is the same as using a lot as the base of operations for a landscaping business strains credulity. Plaintiff's argument that the series of aerial photographs showing a mostly vacant lot until a few years ago could be coincidental because the images do not show the property at every hour of every day was not supported by any contrary images offered by Plaintiff, and improperly attempts to shift the burden to the municipality.

Indeed, there is a remarkable absence of evidence, or even specifics, as to Plaintiff's alleged prior nonconforming use. Plaintiff relies heavily upon the tax classification, but failed to provide a complete history of the property's tax classification. Even assuming the "storage" classification had been continuous in some form, it is a different inquiry, would not lead to any inference as to the nature or extent of the storage. This is a residentially-zoned lot with a barn that is not being used as a residence, where Plaintiff's father apparently asked the Town assessor to tax it just a "barn" rather than a "residence" in the 1950's. (See Exhibit "1" to Plaintiff's motion for a preliminary injunction). Tax classification status does not implicate any type of fundamental right, and is supportable by "any reasonably conceivable state of facts that could provide a rational basis for the classification." Armour v. City of Indianapolis, Ind., 566 U.S. 673, 681 (2012). There is a pre-existing barn on the property, and the Board did not opine upon the structure itself, or whether there was a nonconforming use solely inside the barn. Whether there has been a continuing

nonconforming use as an indoor and outdoor commercial storage facility, is a very different issue. The tax classification has very little, if any, probative value, and it was entirely rational for the Board to not be persuaded by this piece of information.

### III. PLAINTIFF HAS FAILED TO STATE AN EQUAL PROTECTION CLAIM

Plaintiff has not identified even a single comparator that was granted a certificate of occupancy recognizing a non-conforming use under similar circumstances. A "commercially zoned property" within "walking distance" is not a comparator, as by definition that property is commercially zoned and being within "walking distance" of some type of business would likely describe the vast majority of residentially zoned properties throughout the country. (Memorandum in Opposition, Pg. 25; Complaint, Exhibit "A" to moving papers, ¶ 170). Similarly, a vague allegation that other property owners have some type of non-descript town code violations on their lots is not sufficient; it is merely a conclusory allegation, and does not appear to be related to an application to recognize a pre-existing nonconforming use. Id.

The allegation related to a "Bennett Family" with boats on their property was so vague and nonspecific to the point that we were left to make an educated guess as to what property was being referred to. Although initially arguing that disclosure of the precise "location or address" Plaintiff was referring to "must await discovery," Plaintiff has subsequently identified the address, but both the complaint and motion submissions remain entirely devoid of factual allegations to suggest different treatment under similar circumstances. (See Memorandum in Opposition, Pg. 27). Plaintiff alleges that the Bennett property had a pre-existing non-conforming use for boat storage. At most, this allegation is equivocal. The similarity or lack thereof would be in the underlying facts as to whether and how the nonconforming use was recognized, but such allegations are entirely absent from Plaintiff's complaint and motion submissions. Notably, Plaintiff identifies

5

the Bennett's nonconforming use as "storage for marina related items, such as boats," but -- despite a voluminous complaint -- never identifies his own alleged "storage" business with similar specificity.  Based upon the available information, Plaintiff has merely identified a boat yard that has been in business for over sixty years, with no further information as to why Plaintiff claims that this boat yard is similarly situated.  Without more, such allegations are insufficient.

Plaintiff relies heavily upon the recent decision in Hu v. City of New York, 927 F.3d 81 (2d Cir. 2019), where the Second Circuit explained that a "class of one" claim requires comparators that are "prima facie identical," whereas equal protection claims alleging "race-based and malice-based discrimination" requires comparators with "a reasonably close resemblance." Hu, 927 F.3d, at 96-97 (2d Cir. 2019).[1]  Specifically, in Hu, the Second Circuit found that a plaintiff had "just barely" alleged sufficient comparators at the pleading state based upon allegations that the same individual defendant treated Asian workers and White works differently with respect to the issuance of building code violations for the "same conduct" at the "same jobsite." Id.

Plaintiff has not alleged – and is not – a member of a protected class, and his complaint fails to contain any factual allegations regarding any type of personal animus or special relationship with any decision-maker that would plausibly give rise to one.  As indicated in our moving papers, and not disputed by Plaintiff, other than being identified as parties to this lawsuit there are no allegations whatsoever in the complaint as to any individual board members.  Plaintiff uses the words "bad faith" and "malice" several times, but in a purely conclusory fashion, without any factual allegations whatsoever to suggest personal hostility.  This "complaint does not contain

---

[1] Plaintiff uses the phrase "roughly equivalent" repeatedly as the standard set forth in Hu for a race- or animus- based equal protection claim.  However, Plaintiff is quoting the portion of the decision summarizing the lower court's reasoning, not the Court of Appeals' own analysis or holding.  The standard adopted by the Court of Appeals was "reasonably close resemblance." Hu v. City of New York, 927 F.3d 81, 99 (2d Cir. 2019).

any factual allegation sufficient to plausibly suggest petitioners' discriminatory state of mind," and the "pleadings thus do not meet the standard necessary to comply with Rule 8." Ashcroft v. Iqbal, 556 U.S. 662, 683 (2009).

Accordingly, Plaintiff has failed to allege a sufficiently similarly situated comparator, regardless of what standard is used.

IV. **ABSTENTION**

Plaintiff should not be permitted to litigate the same exact issues in two different forums, particularly where one of those litigations is a post-judgment appeal. Assuming a pending appeal would, temporarily, prevent the application of collateral estoppel, the eventual decision will have preclusive effect, and it is respectfully submitted that this Court should refrain from exercising jurisdiction while the same issues are being addressed on appeal by the State Court.

**CONCLUSION**

WHEREFORE, for the reasons set forth herein and in Defendants' moving papers, it is respectfully requested that an Order be issued: (a) pursuant to Fed. R. Civ. P. 12(b)(6) dismissing this action, in whole or in part, for failure to state a claim; and/or (b) Pursuant to Fed. R. Civ. P. 12(b)(1) dismissing this action for lack of jurisdiction based upon an abstention; together with such other and further relief in Defendants' favor as is deemed just, equitable, and proper.

Dated: December 27, 2019　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　DEVITT SPELLMAN BARRETT, LLP

　　　　　　　　　　　　　　　　　　　　　　*/s/ Scott J. Kreppein*
　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　By: Scott J. Kreppein, Esq.